IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SOULEYMANE CAMARA, | Civil No. 3:23-cv-562 |
| Petitioner | (Judge Mariani) |
| v. | |
| WARDEN BARRAZA, | |
| Respondent | |

### MEMORANDUM

Petitioner Souleymane Camara ("Camara"), an inmate currently incarcerated at the Federal Correctional Institution, Allenwood, Pennsylvania ("FCI-Allenwood"), initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Camara seeks credit against his federal sentence for time spent in custody of Canadian authorities from January 15, 2019, through September 26, 2019. (*Id.*). For the reasons set forth below, the Court will dismiss the habeas petition based on Camara's failure to exhaust his administrative remedies.

### I. Background

Camara is serving an aggregate 95-month term of imprisonment imposed by the United States District Court for the Southern District of Indiana for conspiracy, access device fraud aiding and abetting, and aggravated identity theft aiding and abetting. (Doc. 6-1, pp. 6-11, 32-34). Camara's projected release date is June 25, 2026, via good conduct time release. (*Id.*).

The Administrative Remedy Generalized Retrieval reveals that Camara has not filed any administrative remedies while in the custody of the Bureau of Prisons ("BOP"). (*Id.* at p. 15).

In his § 2241 petition, Camara seeks the application of nine months and six days towards his federal sentence. (Doc. 1, p. 4). Respondent contends that Camara's § 2241 petition must be dismissed because Camara failed to exhaust his administrative remedies, or, alternatively, because the BOP properly calculated his sentence. (Doc. 6). Because the Court finds that Camara did not exhaust his administrative remedies, the Court does not reach Respondent's alternative argument.

## II. Discussion

Despite the absence of a statutory exhaustion requirement, courts have consistently required a petitioner to exhaust administrative remedies prior to bringing a habeas claim under § 2241. *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000); *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). In the typical case, the failure to exhaust all stages of the administrative remedy system prior to the filing of a habeas petition under 28 U.S.C. § 2241 is a proper basis for dismissal. *Moscato*, 98 F.3d at 761-62. Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d

at 761-62 (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)). Notably, exhaustion of administrative remedies is not required where exhaustion would not promote these goals. *See, e.g., Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); *Carling v. Peters*, No. 00-2958, 2000 WL 1022959, at *2 (E.D. Pa. July 10, 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

The BOP has established a multi-tier administrative remedy system whereby a federal prisoner may seek formal review of any aspect of his imprisonment. (Doc. 6-1, Declaration of Veronica Hodge, BOP Management Analyst ("Hodge Decl."), pp. 2-3, ¶ 4, citing 28 C.F.R. §§ 542.10-542.19). The system first requires an inmate to present their complaint to staff before filing a request for administrative relief, which staff shall attempt to informally resolve. (*Id.*, citing 28 C.F.R. § 542.13(a)). If informal resolution is unsuccessful, an inmate may file a formal written complaint to the Warden, on the appropriate form, within twenty calendar days of the date of the event or occurrence and the Warden shall provide a response within twenty calendar days. (*Id.*, citing 28 C.F.R. §§ 542.14, 542.18). If the inmate is dissatisfied with the Warden's response, he may file an appeal to the Regional Director within twenty calendar days. (*Id.*, citing 28 C.F.R. § 542.15(a)). The Regional

Director has thirty calendar days to respond. 28 C.F.R. § 542.18. Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may be appealed to the BOP's General Counsel at Central Office within thirty calendar days from the date of the Regional Director's response. (Hodge Decl. ¶ 4, citing 28 C.F.R. § 542.15(a)). No administrative remedy appeal is considered fully exhausted until decided on the merits by the BOP's Central Office. (*Id.*, citing 28 C.F.R. §§ 542.10-542.19).

The BOP maintains a database known as the SENTRY Inmate Management System ("SENTRY"). In the ordinary course of business, computerized indexes of all formal administrative remedies filed by inmates are maintained by the Institution, Regional and Central Offices. BOP employees log and update inmates' public information into SENTRY as a matter of course as the information is received. Although all requests for administrative relief, whether accepted or rejected, are entered into the BOP's computerized database, actual copies of rejected administrative remedies are not maintained. SENTRY generates a report titled "Administrative Remedy Generalized Retrieval" which allows codes to be entered to identify the reason or reasons for rejecting a request for administrative relief.

Camara's Administrative Remedy Generalized Retrieval report indicates that he did not file any administrative remedies while in BOP custody. Camara does not dispute that he failed to fully avail himself of the administrative remedy process. Rather, he asserts that he filed an informal resolution on November 1, 2022, but the process was futile. (Doc. 1, p. 2). He states that officials at FCI-Allenwood responded to his informal resolution and informed

him that "nothing can be done by this facility." (*Id.*). Rather than complete the remaining steps of the administrative remedy process, Camara bypassed the statutorily-mandated procedures and, instead, filed the instant habeas petition in federal court. Despite being well aware of the BOP's exhaustion requirements, Camara failed to "avail [] himself of every process at every turn (which would require all appeals to be timely pursued, etc.)." *Spruill v. Gillis*, 372 F.3d 218, 228 (3d Cir. 2004). A single rejection of an initial grievance does not render the administrative review process unavailable or futile. Camara fails to identify BOP actions that would clearly and unambiguously violate statutory or constitutional rights, and he has not set forth any facts or advanced an argument that would permit this Court to find that exhaustion of his administrative remedies would subject him to "irreparable injury." Consequently, the petition will be dismissed for failure to exhaust administrative remedies. To hold otherwise would frustrate the purposes of the exhaustion doctrine by allowing Camara to invoke the judicial process despite failing to complete administrative review.

### III. Conclusion

Based on the foregoing, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 will be dismissed. (Doc. 1). A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: June 6, 2023